IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Casey Gillespie, individually and as guardian of B.G., a minor,<br><br>               Plaintiffs,<br><br>vs.<br><br>Spartanburg School District 2; Laura Meyer, individually, Deana Watson, individually, Rebekah Robinson (Randolph), individually, and Laura Szynalski, individually<br><br>               Defendants. | CA NO.<br><br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

The Plaintiffs complaining of the Defendants, would respectfully show unto this Honorable Court that:

## **INTRODUCTION**

1. This is an action for money damages brought under 42 U.S.C. § 1983, 20 U.S.C. § 1681, the Fourteenth Amendment of the United States Constitution, and under the law of the State of South Carolina, against Spartanburg School District 2 (Defendant District), Laura Meyer (Defendant Meyer), Deana Watson (Defendant Watson), Rebekah Robinson (Randolph) (Defendant Robinson) and Laura Szynalski (Defendant Szynalski).

2. Plaintiffs allege that Defendants were deliberately indifferent to known ongoing sexual assaults, sexual harassment, and inappropriate touching occurring at Shoally Creek Elementary School in Plaintiff B.G.'s classroom during the 2021-2022 school year. Plaintiffs allege that the Constitutional violations were committed as a result of the policies and customs of Defendant District and that the individual Defendants are liable for deliberate indifference to B.G.'s constitutional rights.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's causes of action arising under federal statutes, the Constitution of the United States, and 42 U.S.C. § 1983.

4. Venue lies in the United States District Court for the District of South Carolina because the events giving rise to Plaintiff's claims occurred in South Carolina. 28 U.S.C. § 1391(b)(2).

5. The Spartanburg Division is the proper division for this action, as the events complained of herein occurred in Spartanburg County, South Carolina.

## PARTIES

6. Casey Gillespie is the natural mother and guardian of B.G., a minor. Plaintiffs B.G. and Gillespie are citizens of the United States of America and residents of Spartanburg County, South Carolina.

7. Defendant Spartanburg School District 2 (Defendant District) is an authorized political subdivision of the State of South Carolina, indistinguishable from the County of Spartanburg, State of South Carolina, that is statutorily and directly liable for the acts of its agents, servants, and/or employees, including the individual Defendants, and for the damages to Plaintiff pursuant to 42 U.S.C. § 1983 for the damages suffered by Plaintiff at Defendant District's school, Shoally Creek Elementary School, due to its supervisory deliberate indifference and/or tacit authorization of the misconduct of its agents as detailed herein.

8. Defendant Meyer is, upon information and belief, a citizen of the United States of America, State of South Carolina, and a resident of Charleston County. At all times relevant herein, Defendant Meyer was the Principal of Shoally Creek Elementary School in Spartanburg County and therefore the head of the school, which is part of Spartanburg County School District 2. Defendant Meyer is a female and a "person" as that term is defined in relation to 42 U.S.C. § 1983.

She is sued herein for her acts individually as Shoally Creek Elementary School Principal.

9.  Defendant Watson is, upon information and belief, a citizen of the United States of America, State of South Carolina, and a resident of Spartanburg County. At all times relevant herein, Defendant Watson was Director of Elementary and Middle Level Education for Defendant District. Defendant Watson is a female and a "person" as the term is defined in relation to 42 U.S.C. § 1983. She is sued herein for her acts individually as Director of Elementary and Middle Level Education for Defendant District.

10. Defendant Robinson is, upon information and belief, a citizen of the United States of America, State of South Carolina, and a resident of Spartanburg County. At all times relevant herein, Defendant Robinson was the School Counselor for Defendant District's Shoally Creek Elementary School. Defendant Robinson is a female and a "person" as the term is defined in relation to 42 U.S.C. § 1983. She is sued herein for her acts individually as School Counselor for Shoally Creek Elementary School.

11. Defendant Szynalski is, upon information and belief, a citizen of the United States of America, State of South Carolina, and a resident of Spartanburg County. At all times relevant herein, Defendant Szynalski was the Assistant Principal for Defendant District's Shoally Creek Elementary School (hereinafter Shoally Creek), the school's Title IX Investigator, and head of student discipline. Defendant Szynalski is a female and a "person" as the term is defined in relation to 42 U.S.C. § 1983. She is sued herein for acts individually as Assistant Principal, Title IX Investigator, and head of student discipline for Shoally Creek.

## **BACKGROUND**

12. Plaintiffs restate and reallege all previous paragraphs as if they are restated herein verbatim.

13. At all times relevant herein, Defendant District received federal financial assistance for

educational programs and activities.

14. At all times relevant herein, Defendants were acting in their official and individual capacities as a South Carolina School District and administrators at a public elementary school in South Carolina under color of state law.

15. Defendant District is well known for its policies, customs, practices, and/or procedures that cause, encourage and/or facilitate a district-wide tolerance of peer-to-peer bullying and harassment, particularly when the victim is a male. Bullying and harassment are common problems throughout Spartanburg School District 2 schools because of Defendant District's policies, customs, procedures, and/or practices, including the following:

   a. lack of training and supervision of teachers;

   b. the decisions of final policymakers, including administrators, regarding how to respond to known peer to peer sexual assault and harassment;

   c. the customs of administrators and policymakers in consistently choosing not to intervene to stop peer-to-peer assault, harassment, and bullying from continuing to occur;

   d. the lack of procedures and policies in how to address peer-to-peer sexual assault and sexual harassment; and

   e. the customs and practice of administrators, employees, and policymakers of ignoring and downplaying sexual assaults when they happen to boys.

## GENERAL ALLEGATIONS

16. Plaintiffs restate and reallege all previous paragraphs as if they are restated herein verbatim.

17. B.G. attended second grade at Shoally Creek throughout the 2021-2022 school year. His assigned teacher was Erin Watson, who was and is an employee of Defendant District. While

attending, he was under the care, custody, and/or control of Defendants and Defendant District's personnel, employees, agents, and/or servants.

18. On or about Friday, November 5, 2021, B.G. was sexually assaulted by his classmate, D.W., while in the computer lab at Shoally Creek (hereinafter referred to as "the computer lab incident") On this day, D.W. also sexually assaulted another student in the computer lab, K.H.

19. On or about February of 2019, D.W. exhibited sexually inappropriate behavior in the classroom at Shoally Creek by taking a picture of his penis with a school-issued iPad and exposing himself to his classmates (hereinafter referred to as "the iPad incident")

20. Defendant Szynalski, Defendant Meyer, Defendant District, and several of its employees, agents, and/or servants became aware of the iPad incident on or about February of 2020.

21. None of the Defendants told any of D.W.'s subsequent teachers about the iPad incident, and it was Defendant District's policy, practice, and/or custom not to inform its teachers about their incoming students' propensities and behaviors because Defendant District wanted the teachers to learn about their students themselves and build a relationship with them.

22. None of the Defendants investigated the iPad incident or created an incident report or disciplinary referral for the iPad incident.

23. On or about September of 2021, Erin Watson, after observing D.W. in her classroom for weeks, concluded that D.W. could not keep his hands to himself and chose to sit him away from his other classmates. This problem was so profound that Erin Watson implemented strict rules about when D.W. could leave his seat and when he could go to his cubby.

24. Erin Watson chose not to tell any of her students' related arts teachers about D.W.'s propensity for putting his hands on other classmates nor the rules she implemented for D.W. Furthermore, it was Defendant District's policy, practice, and/or custom not to inform the related

arts teachers about students' propensities and behaviors observed in the classroom.

25. On Sunday, November 7, 2021, Plaintiff Gillespie sent an email to Defendant Meyer, Defendant Robinson, and Erin Watson, notifying them that D.W. sexually assaulted B.G. and K.H. on November 5, 2021 in the computer lab. Ansley Lane, the mother of K.H., was carbon copied on the email.

26. Erin Watson responded to Ms. Gillespie's email by writing that K.H. and B.G. did inform her that D.W. could not keep his hands to himself, but that she had no idea he had touched them in private parts.

27. Defendant Meyer and Defendant Robinson did not respond to Plaintiff Gillespie's November 7, 2021, email.

28. None of the Defendants or their employees, agents, or servants created an incident report or disciplinary referral for the November 5, 2021 computer lab incident.

29. On February 2, 2022, Erin Watson went on maternity leave, and Cara Teal (Thompson) took over as the substitute teacher in the classroom on or about February 3, 2022.

30. Erin Watson left a substitute manual for Cara Teal that described the students in her class and provided general guidance for the class. However, the substitute manual did not include a warning that D.W. had sexually assaulted 2 of his fellow students earlier that school year.

31. On February 8, 2022, while in the classroom, B.G. and K.H. were sexually harassed by minor students A.B. and D.W. when they placed a pencil near their crotches and mimicked a sexual act while looking at K.H. and B.G and made sexually suggestive noises.

32. On February 9, 2022, Ansley Lane requested a meeting with Defendant Meyer. Later that day, Ansley Lane's current husband Josh Johnson, Casey Gillespie, and Principal Meyer had a phone conference meeting where they discussed the sexual assault and sexual harassment incidents

occurring in the classroom and the behavior of the minor children demonstrating sexually suggestive and disruptive acts in the classroom.

33. In the February 9, 2022 meeting, Principal Meyer informed Mr. Johnson and Plaintiff Gillespie that she would take appropriate action to end the sexual assaults, sexual harassment, and disruptive behavior occurring in the classroom.

34. On March 1, 2022, minor student S.V. sexually assaulted K.H. at Shoally Creek by grabbing his penis, and K.H. reported the incident to his classroom teacher at the time, Cara Teal.

35. Later in March of 2022, S.V. sexually assaulted B.G. by grabbing his penis.

36. On March 23, 2022, K.H. had an appointment with his pediatrician, who recommended K.H. stop attending Shoally Creek and instead, switch to at-home learning or "homebound" until he could be transferred to another elementary school. Ansley Lane followed the pediatrician's advice, taking K.H. out of school for the remainder of the semester and arranging at-home learning for him.

37. On or about late March of 2022, Plaintiff Gillespie was aware that K.H. was placed on homebound and that S.V. had sexually assaulted K.H.

38. In April of 2022, B.G. was seated next to S.V. in the classroom.

39. When Plaintiff Gillespie learned B.G. and S.V. were seated next to each other, she messaged Erin Watson and asked that he be moved and for all related arts teachers to not seat them next to each other.

40. On or about April 11, 2022, Ansley Lane met with Defendant Deana Watson, the Director of Elementary Education of Defendant District and at the time the person in charge of transfer requests, where she requested K.H. be transferred to Boiling Springs Elementary School.

41. Defendant District's procedure regarding transfers includes the district placing the transfer request and the principal of the proposed school accepting or denying the request.

42. At this time, the principal of Boiling Springs Elementary School was Michelle Kimbrell, and she met with Ansley Lane and told her that she would accept K.H.'s transfer request.

43. In their April 11, 2022 meeting, Defendant Watson informed Ansley Lane that the person in charge of transfers was not present, but she would pass the request to the appropriate person and follow up with Ansley Lane. Defendant Watson chose not to tell Ansley Lane about how transfers work, including when the "transfer window opens and closes."

44. Defendant Watson never followed up with Ansley Lane, and when Ansley Lane emailed her on May 3, 2022 and asked about the status of the transfer request, Defendant Watson ignored the question and responded with "how is he doing with his homebound?"

45. Plaintiff Gillespie was aware of how Ansley Lane was treated regarding her transfer request, and that influenced her decision to homeschool B.G. for the 2022-2023 school year.

46. Defendant District, Defendant Meyer, Defendant Watson, Defendant Szynalski, and Defendant Robinson were all aware of multiple sexual assaults against B.G. that occurred at Shoally Creek and none of them reported them to DSS or Law Enforcement, in violation of S.C. Code § 63-7-310.

47. As school administrators, Defendant Meyer, Defendant Watson, Defendant Robinson, and Defendant Szynalski had the power and opportunity to address and rectify known student-on-student sexual assault and sexual harassment, including the sexual assault and sexual harassment suffered by B.G. Their failure to exercise their power resulted in B.G. being continually sexually harassed and sexually assaulted.

48. Upon information and belief, on or about May of 2022, D.W. sexually assaulted at least one additional student from Erin Watson's class while at Shoally Creek.

**FOR A FIRST CAUSE OF ACTION**

20 U.S.C. § 1681 – Deliberate Indifference in violation of Title IX pursuant to *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 634, 119 S. Ct. 1661, 1667 (1999).

**(As to Defendant District)**

49. Plaintiffs restate and reallege all previous paragraphs as if they are restated herein verbatim.

50. Defendant District is an institution that receives federal financial assistance and operates educational programs; therefore, it is subject to the provisions of Title IX, 20 U.S.C. § 1681.

51. Defendant District had actual notice of several incidents of sexual assault and sexual harassment against B.G. by D.W. and other students, as outlined above.

52. Defendant District exercised substantial control over B.G., D.W., S.V., A.B., E.J., and K.H., as they were second grade students in Defendant District's care and custody at school when all the sexual assaults and sexual harassment took place.

53. Defendant District, through its employees, agents, and/or servants, was deliberately indifferent in the following particulars, to wit:

    a. In choosing not to discipline D.W. despite actual knowledge that he sexually assaulted B.G. and K.H. in the computer lab on November 5, 2021;

    b. In choosing not to have Defendant Szynalski, the school's Title IX Investigator, investigate the November 5, 2021 computer lab incident;

    c. In choosing not to report the November 5, 2021 computer lab sexual assault incident to law enforcement or DSS in compliance with South Carolina reporting laws;

    d. In choosing not to write an incident report for the computer lab incident;

    e. In choosing to allow D.W. to sit next to or near B.G. in computer lab and other related arts classes despite knowing D.W.'s propensity for not keeping his hands to himself and his history of sexually inappropriate behavior;

f. In allowing B.G. to fall victim to a sexual assault incident at the hands of S.V. in March of 2022 despite knowing of the November 5, 2021 computer lab incident, the February 8, 2022 sexual harassment incident with a pencil, and the sexual assault by S.V. against K.H. on March 1, 2022;

g. In sitting S.V. next to B.G. in the classroom despite knowing she had previously sexually assaulted him;

h. In choosing not to inform the related arts teachers of D.W.'s inappropriate behavior and propensities;

i. In choosing not to inform the substitute teachers for Erin Watson's class of D.W.'s inappropriate behavior and propensities, particularly that he sexually assaulted 2 fellow students less than 3 months earlier;

j. In allowing D.W. to be next to or near B.G. in the classroom and in related arts classes despite being aware D.W. sexually assaulted B.G. on November 5, 2021;

k. In choosing not to supervise the children in Erin Watson's class despite actual knowledge of multiple occasions of students exhibiting sexually inappropriate behavior at school, including sexual assaults and sexual harassment;

l. In choosing to take no meaningful action reasonably calculated to put an end to the sexual assaults and sexual harassment against B.G. despite being aware that it was happening.

54. As a direct and proximate cause of Defendant District's deliberate indifference, B.G. experienced more sexual assaults and sexual harassment and Plaintiffs suffered damages, including physical pain, emotional distress, anxiety, mental anguish, and other damages as outlined herein, and he was put in homeschool for the 2022-2023 school year.

55. The severe, pervasive sexual assaults and sexual harassment B.G. experienced and the deliberately indifferent response by Defendant District had the effect of denying B.G. equal access to educational opportunities, as B.G. spent the 2022-2023 school year at home being taught by Plaintiff Gillespie.

56. The actions and inactions of Defendant District, a South Carolina school district receiving federal financial assistance, in its deliberate indifference towards B.G. and the sexual assaults and sexual harassment he was experiencing, constitutes unlawful sexual discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

### FOR A SECOND CAUSE OF ACTION
42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Equal Protection Clause of the Fourteenth Amendment pursuant to *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1979).
### (As to all Defendants)

57. Plaintiffs restate and reallege all previous paragraphs as if they are restated herein verbatim.

58. Plaintiff B.G. was subjected to discriminatory peer harassment in the form of inappropriate touching/ sexual assaults and sexual harassment as outlined herein. The harassment occurred because of and on the basis of the minor Plaintiff's sex, and the sexual harassment occurring in Erin Watson's classroom was only happening to boys, upon information and belief.

59. At the time of the complained of event, Plaintiff B.G. had the clearly established protections to be free from deliberate indifference to sexual assault and sexual harassment by peers.

60. Defendants knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time.

61. Defendants are not entitled to qualified immunity for the complained of conduct.

62. Defendants were at all times relevant herein, policymakers for Shoally Creek Elementary

School and thus Defendants in that capacity established policies procedures, customs, and/or practices for Shoally Creek Elementary School and Defendant District.

63. Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional protections of students as outlined herein, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional protections and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

64. B.G. suffered discriminatory sexual assaults and harassment from his peers, including D.W., A.B., and S.V.

65. Defendant District has a widespread policy, practice, and/or custom of tolerating peer against peer bullying and harassment.

66. Defendants maintained a policy, practice and/or custom of choosing not to inform teachers about student's dangerous propensities, including related arts teachers and primary teachers.

67. But for Defendant's District's policies, practices and/or customs of tolerating peer against peer bullying and choosing not to inform teachers about students' dangerous propensities, B.G. never would have suffered from sexual assaults and sexual harassment at the hands of D.W. and other students, and Plaintiffs would not have suffered the damages outlined herein.

68. Defendants were aware B.G. was suffering constitutional injuries, and their deliberate indifference caused them to keep happening.

69. Defendants have developed and maintained long-standing, department wide customs, policies, procedures, practices, and/or failed to properly train and/or supervise their employees in a manner amounting to deliberate indifference to the constitutional protections of students and

Plaintiff B.G. Furthermore, the policies, customs, procedures, insufficient training, and/or practices were motivated by a discriminatory intent as outlined herein.

70. The deliberately indifferent training and supervision provided by Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants and were moving forces in the constitutional and federal violations complained of by Plaintiffs.

## <u>FOR A THIRD CAUSE OF ACTION</u>
42 U.S.C. § 1983 – Deliberate Indifference in Violation of the Equal Protection Clause of the Fourteenth Amendment
**(As to Defendant Watson)**

71. Plaintiffs restate and reallege each previous paragraph as if it is restated herein verbatim.

72. At the time of the complained of event, Plaintiff B.G. had the clearly established protections to be free from deliberate indifference to sexual assaults and sexual harassment by peers.

73. B.G. suffered discriminatory sexual harassment and sexual assault at the hands of D.W. and other students as outlined above.

74. As of March 2, 2022, Defendant Watson had actual notice of several incidents of sexual assault and sexual harassment by D.W. and other students against B.G. and K.H., including the sexual assault incident of S.V. against K.H.

75. Defendant Watson was deliberately indifferent to the ongoing sexual assaults and sexual harassment taking place against B.G. by offering no advice to Shoally Creek administration, choosing not to intervene in any way to address the conduct occurring in Erin Watson's class, and choosing to take no meaningful actions reasonably calculated to end the sexual assaults and sexual harassment B.G. was experiencing during the 2021-2022 school year.

76. Defendant Watson's deliberate indifference to B.G.'s sexual assaults and sexual

harassment was motivated by a discriminatory intent, as she would not have exhibited the same deliberately indifferent behavior had B.G. been a girl.

77. The actions and inactions of Defendant Watson in her deliberate indifference towards B.G. and the sexual assaults and sexual harassment he was experiencing constitutes unlawful sexual discrimination in violation of the Fourteenth Amendment.

78. As a direct and proximate result of Defendant Watson's conduct, B.G. was sexually assaulted by S.V. in March of 2022, and Plaintiffs suffered injuries and damages as set forth herein.

79. Defendant Watson is not entitled to qualified immunity.

**<u>FOR A FOURTH CAUSE OF ACTION</u>**
42 U.S.C. § 1983 – Deliberate Indifference in Violation of the Equal Protection Clause of the Fourteenth Amendment
**(As to Defendant Meyer)**

80. Plaintiffs restate and reallege each previous paragraph as if it is restated herein verbatim.

81. At the time of the complained of event, Plaintiff B.G. had the clearly established protections to be free from deliberate indifference to sexual assaults and sexual harassment by peers.

82. B.G. suffered discriminatory sexual harassment and sexual assaults at the hands of D.W. and other students as outlined above.

83. Defendant Meyer had notice of multiple incidents of sexual assault and sexual harassment suffered by B.G. at the hands of D.W. and other students.

84. Specifically, Defendant Meyer knew B.G. was sexually assaulted in the computer lab on November 5, 2021 when she received the email putting her on notice from Casey Gillespie.

85. Defendant Meyer was deliberately indifferent to the computer lab incident and ongoing sexual assaults and sexual harassment suffered by B.G. by choosing not to respond to Casey Gillespie's email, choosing not to investigate an incident of sexual assault between second-graders,

choosing not to write an incident report or discipline D.W. for the computer lab incident, choosing not to report the incident to DSS or law enforcement despite being mandated to do so, and in failing to take any meaningful action reasonably calculated to end the sexual assaults and sexual harassment B.G. was experiencing during the 2021-2022 school year.

86. Defendant Meyer's deliberate indifference to B.G.'s sexual assaults and sexual harassment was motivated by a discriminatory intent, as she would not have exhibited the same deliberately indifferent behavior and would have taken the allegations more seriously if B.G.. was a girl.

87. The actions and inactions of Defendant Meyer in her deliberate indifference towards B.G. and the sexual assaults and sexual harassment he was experiencing constitutes unlawful sexual discrimination in violation of the Fourteenth Amendment.

88. As a direct and proximate result of Defendant Meyer's conduct, Plaintiffs suffered injuries and damages as set forth herein.

89. Defendant Meyer is not entitled to qualified immunity.

**FOR A FIFTH CAUSE OF ACTION**
42 U.S.C. § 1983 – Deliberate Indifference in Violation of the Equal Protection Clause of the Fourteenth Amendment
**(As to Defendant Robinson)**

90. Plaintiffs restate and reallege each previous paragraph as if it is restated herein verbatim.

91. At the time of the complained of event, Plaintiff B.G. had the clearly established protections to be free from deliberate indifference to sexual assaults and sexual harassment by peers.

92. B.G. suffered discriminatory sexual harassment and sexual assaults at the hands of D.W. and other students as outlined above.

93. Defendant Robinson had notice of multiple incidents of sexual assault and sexual harassment suffered by B.G. at the hands of D.W. and other students.

94. Specifically, Defendant Robinson knew B.G. was sexually assaulted in the computer lab on November 5, 2021 when she received the email putting her on notice from Casey Gillespie on November 7, 2021.

95. Defendant Robinson was deliberately indifferent to the computer lab incident and ongoing sexual assaults and sexual harassment suffered by B.G. by choosing not respond to the email from Casey Gillespie about the computer lab incident, choosing not to investigate the November 5, 2021 computer lab incident, choosing not to write an incident report or discipline D.W. for the computer lab incident, choosing not to counsel any of the victims or perpetrators of the sexual assault or harassment incidents, choosing not to report the computer lab incident to DSS or law enforcement despite being mandated to do so, and in choosing not to take any action at all to end the sexual assaults and sexual harassment B.G. was experiencing in his second grade class at Shoally Creek.

96. Defendant Robinson's deliberate indifference to B.G.'s sexual assaults and sexual harassment was motivated by a discriminatory intent, as she would not have exhibited the same deliberately indifferent behavior and would have taken the allegations more seriously if B.G. was a girl.

97. The actions and inactions of Defendant Robinson in her deliberate indifference towards B.G. and the sexual assaults and sexual harassment he was experiencing constitutes unlawful sexual discrimination in violation of the Fourteenth Amendment.

98. As a direct and proximate result of Defendant Robinson's conduct, Plaintiffs suffered injuries and damages as set forth herein.

99. Defendant Robinson is not entitled to qualified immunity.

**FOR A SIXTH CAUSE OF ACTION**
42 U.S.C. § 1983 – Deliberate Indifference in Violation of the Equal Protection Clause of the
Fourteenth Amendment
**(As to Defendant Szynalski)**

100. Plaintiffs restate and reallege each previous paragraph as if it is restated herein

verbatim.

101. At the time of the complained of event, Plaintiff B.G. had the clearly established

protections to be free from deliberate indifference to sexual assaults and sexual harassment by

peers.

102. B.G. suffered discriminatory sexual harassment and sexual assaults at the hands of D.W.

and other students as outlined above.

103. Defendant Szynalski had notice of multiple incidents of sexual assault and sexual

harassment suffered by B.G. at the hands of D.W. and other students. Furthermore, Defendant

Szynalski, the head of discipline at the school, was on notice of an unusually large number of

disciplinary referrals of students in Erin Watson's class during the spring of 2022, which were

mostly of D.W.

104. Defendant Szynalski was deliberately indifferent to the computer lab incident and

ongoing sexual assaults and sexual harassment suffered by B.G. by choosing not to investigate the

November 5, 2021 computer lab incident despite being the head of discipline and the Title IX

Investigator, choosing not to write an incident report or discipline D.W. for the computer lab

incident, choosing not to report multiple sexual assaults to DSS or law enforcement despite being

mandated to do so, and in failing to take any meaningful action reasonably calculated to end the

sexual assaults and sexual harassment B.G. was experiencing in his second grade class at Shoally

Creek.

105. Defendant Szynalski's deliberate indifference to B.G.'s sexual assaults and sexual

harassment was motivated by a discriminatory intent, as she would not have exhibited the same deliberately indifferent behavior and would have taken the allegations more seriously if B.G. was a girl.

106.  The actions and inactions of Defendant Szynalski in her deliberate indifference towards B.G. and the sexual assaults and sexual harassment he was experiencing constitutes unlawful sexual discrimination in violation of the Fourteenth Amendment.

107.  As a direct and proximate result of Defendant Szynalski's conduct, Plaintiffs suffered injuries and damages as set forth herein.

108.  Defendant Szynalski is not entitled to qualified immunity.

**FOR A SEVENTH CAUSE OF ACTION**
42 U.S.C. § 1983 – State Increased Risk of Danger pursuant to DeShaney v. Winnebago County Department of Social Services, et al., 489 U.S. 189, 109 S.Ct. 998 (1989) and Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1979).
**(As to Defendant District)**

109.  Plaintiffs restate and reallege each previous paragraph as if it is restated herein verbatim.

110.  At the time of the complained of event, Plaintiff B.G. had the clearly established protections to be free from state created danger and state increased risk of danger.

111.  Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

112.  Defendants are not entitled to qualified immunity for the complained of conduct.

113.  Defendant District, under color of state law, had a practice, custom and/or formal policy of choosing not to inform teachers of their incoming students' known past concerning and/or dangerous behaviors.

114.  Defendant District, under color of state law, had a custom, practice, and/or formal policy of choosing not to inform related arts teachers about students' known propensities and/or

concerning or dangerous behaviors.

115. Defendant District had notice that its customs and/or formal policies increased risk of danger, specifically by directly exposing students to dangerous behaviors from other students.

116. Defendant District owed B.G. and his mother a responsibility and duty to supervise, protect and control B.G. and other students and to keep B.G. safe from harm while he was in the custody of Defendant District and Defendant District failed in this regard, proximately causing harm to B.G.

117. The harm that was inflicted upon B.G. was a direct and proximate result of the danger enhanced by Defendant District's customs, practices, and/or formal policies of choosing not to inform teachers of their incoming students' known past concerning and/or dangerous behaviors and choosing not to inform related arts teachers about students' known propensities and/or concerning or dangerous behaviors.

118. The harm was a foreseeable result of Defendant District's actions.

119. Despite knowing D.W. had exhibited overly sexualized behavior and knowing he could not keep his hands to himself, Defendant District, through its agents, servants, and/or employees, affirmatively chose to sit B.G. next to or near D.W. in the computer lab in November of 2021.

120. As a result of the choice to sit B.G. next to or near D.W. and Defendant District's policies as outlined above, B.G. was sexually assaulted in the computer lab by D.W. on November 5, 2021 and suffered from subsequent sexual assault and sexual harassment incidents.

121. As a direct and proximate result of Defendant District's conduct, B.G. was deprived of his rights under the Fourteenth Amendment to the United States Constitution and Plaintiffs suffered injuries and damages as set forth herein.

## DAMAGES

122.  As a direct and proximate result of the above set out acts and omissions of Defendants, Plaintiffs were damaged in the following particulars:

    a.  Actual and consequential damages resulting from personal injury, to-wit:

        i.  Pain and suffering, past and future;

        ii.  Stress, fear, humiliation, anguish, and anxiety, past and future;

        iii.  Loss of enjoyment of life and alteration of lifestyle, past and future;

        iv.  Medical costs, past and future

        v.  Education costs, past and future;

        vi.  Transportation costs, past and future;

        vii.  Such other costs and damages a jury and/or the Court may find appropriate, past and future.

123.  In addition, Plaintiffs are informed and believe they are entitled to an award of punitive damages in an amount to be determined by a jury.

124.  In addition, Plaintiffs are informed and believe that they are entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § § 1983 and 1988.

125.  For such other relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment for actual, consequential and punitive damages against Defendants in an amount to be determined by a jury, as well as reasonable fees and costs pursuant to 20 U.S.C. § § 1983 and 1988 and any other applicable provision of law, including attorney's fees, and such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiffs demand a jury trial pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

**LAW OFFICE OF TYLER RODY, LLC**

S/Tyler Rody
Tyler Rody (Fed. Bar No. 13393)
Attorney for Plaintiffs
661 E. Main Street
Spartanburg, SC 29302
(864) 381-7969 phone
(864) 670-5636 fax
tyler@rodylaw.com

Spartanburg, SC
July 1, 2024